■ In the Matter of LAZER SILBERSTEIN et al., Appellants, v STEVEN GREENSTEIN et al., Respondents. [821 NYS2d 117]—

In a proceeding pursuant to CPLR article 78, inter alia, to prohibit the respondents from implementing and enforcing the "Minors Rule" of the New York City Housing Authority's "Occupancy and Remaining Family Member Policy Revisions General Memorandum 3692" as amended July 11, 2003, the petitioners appeal from (1) a judgment of the Supreme Court, Kings County (Rosenberg, J.), dated April 27, 2004, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated March 28, 2005, which denied their motion for leave to renew.

Ordered that the appeal from the order is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners are tenants in public housing who desire to permanently add grandchildren to their households. The petitioners have the written permission of the children's parents, but do not have legal custody of the grandchildren. The respondent New York City Housing Authority (hereinafter the NYCHA), acting through the respondent Steven Greenstein, disapproved the petitioners' requests under its so-called "Minors Rule," promulgated in its "Occupancy and Remaining Family Member Policy Revisions General Memorandum 3692" as amended July 11, 2003 (hereinafter GM-3692).

GM-3692, as applicable here, requires a tenant to demonstrate legal custody before permission may be granted for the

tenant to add a grandchild to the tenant's household on a permanent basis; it does not contain a provision to add a grandchild merely with a parent's written permission. The petitioners' requests were denied because they did not have legal custody of the grandchildren. The petitioners argue that GM-3692 discriminates on the basis of "familial status," in violation of the Fair Housing Act (42 USC § 3604 [b]; *see* 42 USC § 3601 *et seq.*; hereinafter the Act), and its implementing regulations (*see* 24 CFR 100.5 [b]). We disagree.

Assuming that GM-3692 relates to the "sale or rental of dwellings" (24 CFR 100.5 [b]) and is therefore subject to the Act and the implementing regulations (*see* 24 CFR part 100), the petitioners failed to establish their entitlement to the relief sought. The United States Department of Housing and Urban Development (hereinafter HUD) has approved a NYCHA plan containing a similar legal custody requirement and omitting parental written consent (*see* Approval Letter, Aug. 29, 2003, Project No. NY005-001-03D). We defer to HUD's interpretation of the statutes it must administer and its own regulations in the absence of "irrationality or unreasonableness" (*Seittelman v Sabol*, 91 NY2d 618, 625 [1998]; *see Matter of Blossom View Nursing Home v Novello*, 4 NY3d 581, 594-595 [2005]). HUD's determination with respect to that plan was neither irrational nor unreasonable. We conclude that GM-3692 is likewise valid. The intra-agency opinion letter cited by the petitioners with respect to the Kiryas Joel Housing Authority is not a formal ruling and does not trump HUD's formal approval of the NYCHA plan.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.